UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

Carol Louise Gillmore, Crim. No. 02-85(DWF/RLE)

Defendant.

* * * * * * * * * * * * * * * * * * *

On May 27, 2005, an Order setting the Arraignment and Motions Hearing for 9:00 a.m., on June 22, 2005, was entered. On June 3, 2005, an informal request by the Defendant was received by the Court requesting that the Arraignment and Motions Hearing be rescheduled.

We have closely reviewed the pertinent factors which commend the granting of the continuance, and we expressly find that a continuance is fully warranted. We further find that the ends of justice, that are served by the granting of a continuance, outweigh the best interests of the public and of the Defendant in a speedy trial, and that the failure to grant such a continuance would deny the Defendant the reasonable time that is necessary for the effective preparation of his defenses, taking into account his exercise of due diligence. The Government joins in the request and has no objection to this continuance. Good cause having been shown, the informal request will be granted.

NOW, THEREFORE, It is --

ORDERED:

1. That the informal request to have the Arraignment and Motions Hearing rescheduled is GRANTED. The Arraignment and Motions Hearing are reset for **10:00 a.m., on Tuesday, July 12, 2005, in Court Room No. 12W, United States Courthouse, 300 South Fourth St., Minneapolis, Minnesota**.

2. That the entire period of this Continuance is hereby excluded from the period within which the Trial of this matter must commence under the Speedy Trial Act, Title 18 U.S.C. §3161.

3. That, forthwith, the Government shall provide all Rule 16 materials to the Defendant.

4. That all Motions in the above-entitled case shall be served and filed in accordance with the Electronic Case Filing Procedures for the District of Minnesota/Criminal. A courtesy copy of the Motions shall be mailed directly to the chambers of the undersigned at 412 United States Courthouse, 515 West First Street, in Duluth, Minnesota, **by no later than July 5, 2005**.

5. That all Motions shall be heard before United States Magistrate Judge Raymond L. Erickson **on July 12, 2005, at 10:00 o'clock a.m.**, in Court Room No. 12W, United States Courthouse, 300 South Fourth St., Minneapolis, Minnesota.

6. That, no later than **July 8, 2005**, the Government shall disclose to the Defendant the statements, and the evidence secured, either with or without a Warrant, that the Government intends to introduce at Trial, and the Defendant shall particularize the bases for any Motion to Suppress such evidence.[1]

---

[1]With increasing regularity, the Court has witnessed the parties failure to join the issues attendant

(continued...)

7. That all voir dire questions, and proposed Jury Instructions shall be submitted, pursuant to the Electronic Case Filing Procedures for the District of Minnesota/Criminal and according to the directives of the Honorable Donovan W. Frank, United States Courthouse, 316 N. Robert St., St. Paul, Minnesota, **on or before September 6, 2005**.

8. That the Trial in this matter shall commence, before the Honorable Donovan W. Frank, on **September 12, 2005, at 9:00 a.m., in Court Room 2, United States Courthouse, St. Paul, Minnesota**.

BY THE COURT:

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

DATED: June 6, 2005

[1](...continued)
to a defendant's Motion to Suppress. Frequently, the hallways of the Courthouse are replete with potential witnesses who will only be called to testify if the Defendant, at the time of the Hearing, voices a particular concern about the manner in which a statement was taken, or in which a search was conducted. The interests of justice are not served by the needless expenditures of both time and money, that are occasioned by the failure of counsel to communicate. We take this means of assuring that the failure to communicate will not reoccur. We need not here specify the sanctions that will attend the party who should elect to disregard this effort at judicial efficiency. Suffice it to say that it is this Court's expectation that being forewarned will obviate any need to address the issue further.