UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

Carol Louise Gillmore,

Defendant. Crim. No. 02-85 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Pretrial Motions of the Defendant. A Hearing on the Motions was conducted on July 12, 2005, at which time, the Defendant appeared personally, and by Paul C. Engh, Esq., and the Government appeared by Clifford B. Wardlaw, Assistant United States Attorney. We address the Motions, which are subject to disposition by Order, as follows:

1. The Defendant's Motion for Discovery and Inspection. The Government has acknowledged its obligations under Rule 16, Federal Rules of Criminal Procedure,

and has represented that it will comply. Therefore, we grant this Motion to the extent contemplated by Rule 16, Federal Rules of Criminal Procedure.

2. The Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant. The Government has acknowledged its obligations under Giglio v. United States, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and their progeny, and has advised that this information either has been, or will be, produced to the extent required. Thus, we grant this Motion.

3. The Defendant's Motion for Government Agents to Retain Rough Notes. The Government does not oppose this Motion, and therefore, the same is granted.

4. The Defendant's Motion for Pretrial Disclosure of Jencks Act Material. The established rule in this Circuit is that, ordinarily, the Government is not required to disclose Jencks Act material prior to the direct examination of the witness to whom the material pertains. See, United States v. Green, 151 F.3d 1111, 1115 (8th Cir. 1998); United States v. Wilson, 102 F.3d 968, 971 (8th Cir. 1996); United States v. Douglas, 964 F.2d 738, 741 (8th Cir. 1992); United States v. White, 750 F.2d 726, 729 (8th Cir. 1984). Nevertheless, the Government has agreed to disclose its Jencks Act material by no later than one (1) week before Trial. Therefore, we grant this Motion, but subject to the one-week limitation.

5. The Defendant's Motion for Disclosure of Rule 404(b) Evidence. The Government has represented that it will comply with the requirements of Rule 404(b), Federal Rules of Evidence, and has agreed that, any Rule 404(b) evidence, which comes within its possession, will be disclosed to the Defendants upon receipt and, in any event, by no later than fourteen (14) days before the Trial date. As a consequence, we grant this Motion, but subject to the fourteen-day time constraint.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion for Discovery and Inspection [Docket No. 49] is GRANTED.

2. That the Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Docket No. 50] is GRANTED.

3. That the Defendant's Motion for Government Agents to Retain Rough Notes [Docket No. 51] is GRANTED.

4. That the Defendant's Motion for Pretrial Disclosure of Jencks Act Material [Docket No. 52] is GRANTED.

5. That the Defendant's Motion for Disclosure of Rule 404(b) Evidence [Docket No. 53] is GRANTED.

BY THE COURT:

Dated: August 1, 2005

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE