UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-085 (DWF)

| | | |
|---|---|---|
| United States of America, Plaintiff, vs. Carol Louise Gillmore, Defendant. | ) | **DEFENDANT'S MOTIONS IN LIMINE** |

* * * * * * * * * * * * * * * * * * *

The Defendant, Carol Louise Gillmore, through and by her attorney, Paul Engh, moves the Court in limine for the following Orders:

1. Precluding the Government from introducing evidence of a suspected arson of a carpet store, occurring in the Lawrence, Kansas in 2000. This other crime evidence is of circumstance. The Government proposes to call five witnesses, prolonging the trial, diverting the jury's attention.

The evidence has no relevance. Pattern, scheme and plan type evidence - the Government's purported purpose - has less relevance where Ms. Gillmore admits to being at the home, that she killed George Stately there, and that she attempted after his death to set his house on fire. The Kansas incident is probative of nothing that is disputed. If, say, Ms. Gillmore had killed someone in Kansas in a like fashion, the Government's argument would be more palpable. Here it carries little weight.

While Rule 404(b) is a rule of inclusion, it is also a rule of discretion. And the ultimate test for admissibility is whether the evidence's prejudicial impact outweighs its probative value. United States v. Crenshaw, 359 F3d, 977, 998 (8th Cir. 2004). The Kansas evidence is offered primarily for propensity purposes and thus inadmissible. United States v. LeCompte, 99 F.3d 274, 278 (8th Cir. 1996); United States v. Millard, 139 F.3d 1200, 1206 (8th Cir. 1998).

This is the single area of law where the trial Court decides the outcome of the case. Let in enough 404(b) evidence, and invariably the defendant will be convicted. That's because her presumption of innocence will be diminished to such an extent that the jury will infer an aura of criminality, confusing inference with proof. See generally Michelson v. United States, 335 U.S. 469, 475-76 (1948); H. Kalven and H. Zeisel, The American Jury, 160 (1966).

Hence the intellectual and legalistic exercise – of balancing the value of the evidence – is all well and good but ultimately an empty gesture. The better, and more honest question, is whether, on these charges, in Minnesota, Ms. Gillmore will receive a fair trial. The Court's central obligation is to do just that. This is already a difficult case for Ms. Gillmore. She is on trial for her life. Let in the evidence, and the sanctity and the nobility of the trial process will be, in our view, diminished.

2. Prohibiting the Government from introducing evidence of a suspected pen stabbing, occurring in the Carswell FCI, in the year 2003. This incident is, by comparison to the charges here, trifling stuff. It occurred early in her incarceration, on a page or two of thousands. We'll show the report to the Court on the 25th.

3. Prohibiting the Government from introducing evidence of an alleged threat, uttered by Ms. Gillmore, to one Amy Boswell, concerning pushing an ex-husband off a cliff, at some point in time, and at some place. The government has offered notice of this incident, but has not provided a report or 302 with further detail. We reserve argument until the incident and statements are revealed, hopefully, on the 25th.

4. Limiting, per the largess of Rule 403, the Government's use of autopsy and at-the-scene photographs. This Court "has discretion to admit" such photographs, provided they are not "so gruesome or inflammatory that (their) prejudicial impact substantially outweighs (their) probative value." United States v. Allen, 247 F.3rd 741, 793 (8th Cir. 2001)(quoting United States v. Hester, 140 F.3d 753, 759 (8th Cir. 1998)). We request the Court review these photographs before trial.

Dated: January 19, 2006

Respectfully submitted,

S/ Paul Engh

Paul Engh
Attorney for Ms. Gillmore
Suite 215
220 South Sixth Street
Minneapolis, MN 55402
(612) 252-1100
Attorney Reg. No. 134685