UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-085 (DWF)

United States of America, Plaintiff, vs. Carol Louise Gillmore, Defendant.

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

* * * * * * * * * * * * * * * * * * *

Individual Jurors Background:

1. What is your address? How long have you lived there?

2. What is your profession or employment? How long? What are your duties?

3. What is your spouse's or significant other's or best friend's employment or profession? How long have they been so employed?

4. What is your educational background?

5. Are you active in a church? If so, which?

6. Do you have any children? If so, what are their ages, and employment, if any.

7. What organizations do you belong to?

8. Do you have any religious or philosophical convictions which would make it difficult for you to be an absolutely fair and neutral juror in this case?

9. What do you do in your free time?

10. Have you or do you know anyone who is or has been employed by the federal or state government?

11. Do you smoke? Do you drink? Have you ever drank to excess, and if so, why? On a related note, have you used crack cocaine, or cocaine? Do you have any visceral response to

someone who has? Why?

12. Have you lost a friend or member of your family to violence? What was your reaction? Why? What were your feelings as to the culpability of the person who was accused of the crime?

13. Have you or a loved one experienced a house fire? Under what circumstances? Has your house or property ever burned down, or was it damaged to a lesser extent?

14. Do you believe in the right of self-defense? The right to be free from assault, physical and sexual? Do you acknowledge that while defending yourself it is possible to go beyond what was necessary in that defense? That is, do you agree that someone may defend one's self, but if that person does more than is needed, that person's ultimately culpability should be still lessened? Do you, in other words, believe in imperfect self-defense, the thought that, in the moment of panic and terror, it is possible to inflict death upon another, thinking that the act is in self-defense, but the death itself turns out to be unnecessary to facilitate that defense?

15. Do you believe in the medical efficacy of psychiatry and psychology? Have you been in treatment with either a psychiatrist or psychologist? If so, under what circumstances?

16. Have you or any member of your family been, at some point, mentally ill? Have you had a blackout? Have you dissociated? Do you know someone who has experienced these things?

17. Have you panicked in your life? Have you been in a state of shock before?

18. Have you had situations in your life when a sudden event happens, and you don't quite know what to do? Explain?

19. Have you ever seen blood in excessive quantities before? When and under that circumstance?

20. Do you believe there are gradations of individual responsibility, just as in law there are gradations of guilt. Can you make determinations of the different levels of responsibility? Or, are you the kind of the either/or person, who feels there is no gray in the world or law?

21. Have you ever overreacted in your life, to a point of doing

something, or acting in such a way that was uncharacteristic of who you were up until that moment? Do you believe that one's past is a prologue to the future?

22. Will the photographs of George Stately, which show numerous wounds to his head, and his neck nearly cut through, be difficult for you to see, such that you cannot be fair to Ms. Gillmore? Do you understand that medical testimony is one of many aspects of the case, and that in any murder trial such photographs are routinely shown not to shock you, but to permit you to consider the cause of death in a clinical sense?

Previous Jury Service:

1. Have you ever had any jury experience before? If so, on how many juries have you served?

2. Were these in criminal or civil cases? If criminal cases, was there a verdict?

3. What kind of case was it?

4. Was it state or federal?

5. Did any of the criminal cases you heard in previous jury duty place any burdens on your capacity to be able to sit on future cases, or did it make you cynical about criminal trials?

6. Was there anything about your previous jury experience that would lead you to feel that you may have some special feelings either for the prosecution or against the prosecution?

Previous Contact with Law Enforcement

1. Have you or any relatives, friends, neighbors, or acquaintances ever been involved in any sort of criminal offense?

   a. (If so) would that experience affect your judgment in this case in any way?

2. Have you or any relatives, friends, neighbors, or acquaintances ever been involved in police work, such as policemen, deputy sheriffs, federal agents, prosecutors, employees of the ATF or the Minneapolis Police Department?

a. (If so) is there anything about your experience, or your relationship or discussions with them which would affect your approach to this case?

3. Would you treat the testimony of a police officer or federal agent as being more believable simply because of their occupation?

4. Do you believe the FBI and the Red Lake Police Department have an obligation to be fair and complete in their investigations, and what would you conclude if you found that neither had occurred?

5. Have you or any friends, relatives, neighbors, or acquaintances ever been either in drug or alcohol treatment?

   a. (If so) would your judgment in this case be affected in any way by that experience?

6. Have you served in the military? When? What branch? What rank did you achieve? Were you a military police officer or an officer in a court martial?

Nature of Case:

The Indictment in this case charges Ms. Gillmore with murdering George Stately, as well as arson.

Is there anything about the nature of this offense that would make it difficult or impossible for you to serve as a fair and impartial juror? Do you have sympathy with the victim as you sit there, or do you have empathy with the defendant? Do you believe in the legal ideal of jury fairness and dispassionate deliberations?

Juror's Willingness to Follow Instructions:

1. Will you follow the Court's instructions to the jury strictly, whether you agree with them or not?

2. Do you understand that the burden of proof is exclusively on the prosecution and that evidence must show guilt beyond a reasonable doubt or you must acquit?

3. Do you agree with that principle?

4. Do you understand that the defendant is presumed innocent and that the presumption is sufficient to require a verdict of not guilty unless it is overcome by proof beyond a reasonable doubt?

5. Do you agree with this principle? Do you understand what this trial is going to be about?

6. Would you freely vote not guilty if you were not satisfied that the evidence established guilt beyond a reasonable doubt?

7. Do you understand that in a criminal case the defendant has absolutely no obligation to produce any evidence, to prove his or her non-guilt, or to satisfy any burden of proof?

8. Do you agree with that principle of law, and will you apply it in this case exactly as the Court instructs you?

9. As you sit here now, do you have any opinion about this case, or as to what the result should be?

10. Do you realize that you must reach a verdict strictly upon the evidence that is produced in the courtroom, or the lack of evidence, and you must not let any other influence whatsoever have any effect upon your deliberations?

11. Do you understand that the fact that an Indictment has been filed in this case is no evidence whatsoever of the guilt of the accused?

12. Do you realize that an indictment is merely a formal method of beginning legal proceedings and no inference of guilt may be drawn from the fact of accusation?

13. Do you understand that the filing of an Indictment in no way overcomes the presumption of innocence, but that presumption stays with the accused throughout the trial unless and until it is overcome by proof beyond a reasonable doubt?

14. If you were in Ms. Gillmore's chair today, would you want, in your heart of hearts, for you to sit in judgement?

Dated: January 19, 2006

Respectfully submitted,

S/ Paul Engh

Paul Engh
Attorney for Ms. Gillmore
Suite 215
220 South Sixth Street
Minneapolis, MN 55402
(612) 252-1100
Attorney Reg. No. 134685