UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-085 (DWF)

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

United States of America,

Plaintiff,

vs.

Carol Louise Gillmore,

Defendant.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The defendant, Carol Louise Gillmore, through and by her attorney, Paul Engh, respectfully requests, pursuant to Rule 30, Federal Rules of Criminal Procedure, that the jury be instructed in accordance with the following proposed instructions.

Dated: January 19, 2006

Respectfully submitted,

s/ Paul Engh

PAUL ENGH
Attorney for Defendant
215 Pillsbury Center
220 South Sixth Street
Minneapolis, MN 55402
(612) 252-1100

Attorney Reg. No. 134685

Defendant's Requested Instruction 1
Beginning of Charge-Province of the Court

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the instructions.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the

facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the instructions of the Court.

______________________________

§11.01 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988); Sec. 12.01 O'Malley, Grenig, et al., **Federal Jury Practice and Instructions** (5th Ed. 2000)

Defendant's Requested Instruction 2
Province of the Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "Not Guilty" plea of the accused. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the accused and the public expect that you will carefully and impartially consider all the evidence in this case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

---

§11.03 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 3
Consider Only Offenses Charged

The defendant is not on trial for any act or conduct not alleged in the indictment.

______________________________
§11.04 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 4
Consider Each Count Separately

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the accused guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

---

§11.07 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988); Sec. 12.13 O'Malley, Grenig, et al, **Federal Jury Practice and Instructions** (5th Ed. 2000)

Defendant's Requested Instruction 5
Burden of Proof - Reasonable Doubt

The law presumes a defendant to be innocent of a crime. Thus a defendant, although accused, begins the trial with a "clean slate" - with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling witnesses or

producing any evidence.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of non-guilt, the other of guilt - the jury should of course adopt the conclusion of non-guilt.

____________________________

§11.14 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988) (modified)
§3.11 Model Criminal Jury Instructions (8th Cir. Rev. 1988); Sec. 12.01 O'Malley, Grenig et al, **Federal Jury Practice and Instructions**, (5th Ed. 2002)

Defendant's Requested Instruction 6
Each Element Must be Established Beyond Reasonable Doubt

Unless the government proves beyond a reasonable doubt that the defendant has committed every element of the offense with which he is charged, you must find him not guilty.

---

§11.15 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 7
Indictment Not Evidence

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed innocent. Thus the defendant, even though accused, not only begins the trial with no evidence against him, but also with a presumption of innocence. That presumption of innocence can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged.

______________________________
§3.03 Model Criminal Jury Instructions (8th Cir. Rev. 1988)
§13.02 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 8
The Defense

The defendant has pled "not guilty" to the charges contained in the indictment. This plea puts in issue each of the essential elements of the offense as described in these instructions, and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt. Specifically, Mr. Parra-Torres alleges the following defense: (to be supplied at the appropriate time).

---

§13.07 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 9
Act and Intent

To constitute the crime charged in the Indictment, there must be the joint operation of two essential elements, an act forbidden by law and an intent to do the act.

Before a defendant may be found guilty of a crime, the prosecution must establish beyond a reasonable doubt that under the statute described in these instructions, defendant was forbidden to do the act charged in the indictment, and that he intentionally committed the act.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

___________________________

§14.01 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 10
Specific Intent

The crimes charged in this case are crimes which require proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

An act or a failure to act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other reason.

______________________________

§14.03 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)(modified)

Defendant's Requested Instruction 11
"Knowingly" - To Act

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake, or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.

___________________________

§14.04 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 12
"Willfully" - To Act

An act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

______________________________

§14.06 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988); sec. 17.05, O'Malley, Grenig et al, **Federal Jury Practice and Instruction**, (5th Ed. 2000)

Defendant's Requested Instruction 13
Direct Evidence - Circumstantial Evidence

There are two types of evidence from which you may find the truth as to the facts of a case - direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.

______________________________
§15.02 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 14
Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

---

§15.22 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988); §6.09 Model Criminal Jury Instructions (8th Cir. Rev. 1988)

Defendant's Requested Instruction 15
Testimony of Immunized Witness

One who testifies under a grant of immunity with a promise from the government that he will not be prosecuted is a competent witness. His testimony may be received in evidence and considered by the jury even though not corroborated or supported by other evidence.

Such testimony, however, should be examined by you with greater care than the testimony of an ordinary witness. You should consider whether the testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that he may procure his own freedom by incriminating another has motive to falsify. After such consideration, you may give the testimony of the immunized witness such weight as you feel it deserves.

______________________________

§17.04 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988); §6.02 Model Criminal Jury Instructions (8th Cir. Rev. 1988)

Defendant's Requested Instruction 16
Credibility of Witnesses - Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

______________________________

§17.01 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988); §5.02 Model Criminal Jury Instructions (8th Cir. Rev. 1988)

Defendant's Requested Instruction 17
Effect of Refusal of Witness to Answer Proper Question

The law requires every witness, including a defendant who chooses to become a witness in a criminal case, to answer all proper questions put to him, unless the Court rules he is privileged to refuse to answer on constitutional or other grounds.

______________________________

§17.15 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 18
Impeachment - Inconsistent Statements

The testimony of a witness may be discredited or impeached by showing that he previously made statements which are inconsistent with his present testimony. The earliest contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

______________________________
§17.08 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 19
Impeachment: Bias or Prejudice

You may also consider any demonstrated bias, prejudice or hostility of a witness (toward the defendant) in determining the weight to be accorded to his testimony.

______________________________
§17.07 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 20
Credibility of Accused as Witness

A defendant who wishes to testify is a competent witness; and the defendant's testimony is to be judged in the same way as that of any other witness.

______________________________
§17.12 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 21
Impeachment of witness: Prior Conviction

You have heard evidence that witness (     ) was once convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his or her testimony.

___________________
Eighth Circuit Model Instruction 2.18 (2000)

Defendant's Requested Instruction 22
Effect of Prior Inconsistent Statements or Conduct

Evidence that at some other time a witness, other than the accused, has said or done something, or has failed to say or do something, which is inconsistent with the witness' testimony at the trial, may be considered by the jury for the sole purpose of judging the credibility of the witness; but may never be considered as evidence or proof of the truth of any such statement.

Where, however, the witness is a defendant on trial in the case, and by such statement or other conduct, the defendant admits some fact against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact so admitted, as well as for the purpose of judging the credibility of the defendant as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident.

---

§17.16 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 23
Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

---

§17.21 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988) (Second paragraph omitted)

Defendant’s Requested Instruction 24
Imperfect Self-Defense

Self-defense operates as a complete defense to either murder or manslaughter. In addition, where a defendant had an honest but unreasonable belief that she was about to suffer death or great bodily harm, or where good grounds for self defense were present but she used more force than was necessary, that person does not harbor malice and commits no offense greater than manslaughter.

In such a case, a conviction for voluntary manslaughter is appropriate. If you find that Ms. Gillmore had an honest but unreasonable belief that she was in danger of death or great bodily harm, you should find her guilty of voluntary manslaughter.

---

Reinhart v. Brewer, 561 F.2d 126, 132 (8th Cir. 1977)(imperfect self defense, defined as use of unreasonable force in self defense, justifies manslaughter conviction); see also United States v. Brown, 873 F.2d 1265, 1269 & n. 4 (9th Cir. 1989); United States v. Skinner, 667 F.2d 1306, 1310 (9th Cir. 1982), cert. denied, 439 U.S. 1229 (1983).

Defendant's Requested Instruction 25
Influence of a Mood Altering Substance

The fact that Ms. Gillmore may have been under the influence of a mood altering substance may make it impossible for her to act willfully, deliberately, intentionally or with planning and deliberation, that is, with premeditation, malice aforethought, or intending the death of Mr. Stately.

Evidence that Ms. Gillmore acted while under the influence of a mood altering substance may be considered in deciding whether or not she possessed the requisite intent as charged in the Indictment and the included offenses.

If the evidence in this case leaves you, the jury, with a reasonable doubt, whether, because of the influence of a mood altering substance, the mind of Ms. Gillmore had the ability to form a premeditation, malice aforethought or the intent to kill, it should acquit Ms. Gillmore of the murder charges.

___________________

Devitt, Blackmar, Wolff, and O'Malley, Federal Jury Practice and Instructions, Sec. 19.05 (modified); United States v. Mercer, 853 F.2d 630, 633 (8th Cir.), cert. denied, 488 U.S. 996 (1988)

Defendant's Requested Instruction 26
Self Defense

Ms. Gillmore responds to the charge that she acted in self defense, that is, by responding in a reasonable manner to the threat that she herself reasonably perceived. The law provides that people who reasonably use force in defense of themselves or others are not guilty of crimes such as those charged here.

If Ms. Gillmore was not the aggressor, and had reasonable grounds to believe and actually did believe that she was in imminent danger of death or serious bodily harm from which he could save herself only by using deadly force against George Stately, she had the right to employ deadly force in order to defend herself. Deadly force is force which is likely to cause death or serious bodily harm.

In order for Ms. Gillmore to have been justified in the use of deadly force in self defense, she must not have provoked the assault or have been the aggressor. Mere words, without more, do not constitute

The circumstances under which she acted must have been such as to produce in the mind of a reasonably prudent person, similarly situated, the reasonable belief that the other person was then about to do her serious bodily harm. In addition, Ms. Gillmore must have actually believed that she was in imminent danger of serious bodily harm and that deadly force must be used to repel it.

If evidence of self defense is present, the Government must

prove beyond a reasonable doubt that Ms. Gillmore did not act in self defense. If you find that the Government has failed to prove beyond a reasonable doubt that Ms. Gillmore did not act in self defense, you must find Ms. Gillmore not guilty.

---

Devitt, Blackmar, Wolff, and O'Maley, Federal Jury Practice and Instructions, Sec. 38 B.11 (modified).

Defendant's Requested Instruction 27
Voluntary Manslaughter Defined

Section 112 of Title 18 of the United States Code provides, in pertinent part, that:

"Manslaughter is the unlawful killing of a human being without malice." You are to consider voluntary manslaughter. Voluntary manslaughter occurs "[u]pon sudden quarrel or heat of passion."

Whoever is guilty of voluntary manslaughter . . . Is guilty of an offense against the United States.

___________

18 U.S.C. 1112; O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Sec. 45.08 (amended).

Voluntary Manslaughter Defined 28
Elements

In order to sustain its burden of proof for the crime of voluntary manslaughter, the government must prove the following four essential elements beyond a reasonable doubt:

One: Ms. Gillmore killed Mr. Stately.

Two: The killing was unlawful.

Three: Ms. Gillmore acted in the heat of passion, and in the defense of herself, though she did so in an unreasonable fashion.

Four: Ms. Gillmore killed Mr. Stately within the confines of the Red Lake Indian Reservation.

---

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Sec. 45.09 (amended).

Defendant's Requested Instruction 29
Lesser Included Offense

The law permits the jury to determine whether the government has proven the guilt of a defendant for any other offense which is, by its very nature, necessarily included in the crime of murder in the first degree.

If the jury should unanimously find that the government has proven each of the essential elements of the offense of the charge of murder in the first degree, then the foreperson should write "guilty" in the space provided, and the jury's consideration of that count is concluded.

If the jury should determine unanimously that the government has not proven each element of the offense of murder in the first degree as charged in the indictment, the foreperson should write "not guilty" in the space provided and the jury should then consider the guilt or non-guilt of the defendant for the offense of Voluntary Manslaughter.

The crime of murder in the first degree necessarily includes the other offense of Voluntary Manslaughter. The elements, as noted, are these:

One: Ms. Gillmore killed Mr. Stately.

Two: The killing was unlawful.

Three: Ms. Gillmore acted in the heat of passion, and in the defense of herself, though she did so in an unreasonable fashion.

Four: Ms. Gillmore killed Mr. Stately within the confines of the Red Lake Indian Reservation.

The jury will bear in mind that the burden is always upon the government to prove, beyond a reasonable doubt, each and every essential element of any other offense which is necessarily included in any crime charged. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

___________________

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Sec. 45.18 (amended).

Defendant's Requested Instruction 30
Unanimous Verdict

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, it you can do so without violence to individual judgment. Each of you must decide the case for himself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, change your opinions, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts.

___________________________

§18.01 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 31
Election of Foreperson

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will by your spokesperson here in Court.

Forms of verdict have been prepared for your convenience.

[Forms of verdict read].

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form to state the verdict upon which you unanimously agree as to each defendant, and then return with your verdicts to the courtroom.

______________________________

§18.04 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 32
Verdict - Jury's Responsibility

It is proper to add the caution that nothing said in these instructions - noting in any form of verdict prepared for your convenience - is to suggest or convey in any way or manner an intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

______________________________

§18.10 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)

Defendant's Requested Instruction 33
Judging the Evidence

In your consideration of this case you are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused be proved guilty beyond a reasonable doubt, say so. If not so proved, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Remember also that the question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

______________________________

§15.01 Devitt and Blackmar, **Federal Jury Practice and Instructions** (3d Ed. 1977; Supp. 1988)