UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 02-85 (DWF/RLE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS |
| CAROL LOUISE GILLMORE Defendant. | ) | |

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Clifford B. Wardlaw and David M. Genrich, Assistant United States Attorneys, hereby submits the following Amended Proposed Jury Instructions in connection with the above-captioned matter. These amended proposed instructions are submitted for the following reasons.

Defendant has included in her proposed instructions the offense of voluntary manslaughter, which is a lesser-included offense to Murder in the First Degree (Premeditated) and Murder in the Second Degree. Assuming the evidence adduced at trial justifies the inclusion of voluntary manslaughter as a lesser-included offense, the government has two primary objections to the defendant's proposed instructions. First, the submitted instruction modifies the elements of voluntary manslaughter in impermissible ways. Specifically, defendant adds "and in the

defense of herself, though she did so in an unreasonable fashion," to the third element. Cf. Def. Proposed No. 28 with O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Sec. 45.09. Defendant's addition is not supported by the law of this Circuit. See Eighth Circuit Model Jury Instruction 6.18.1112A.[1]

Second, if voluntary manslaughter is considered as a lesser-included offense, the government is required to prove beyond a reasonable doubt the absence of heat of passion with adequate provocation. See Mullaney v. Wilbur, 421 U.S. 684, 697-98, 704, 95 S. Ct. 1881, 1888-89, 1892 (1975) (holding that in order to obtain murder conviction, prosecution must "prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide

---

[1] Defendant apparently added the language in an effort to incorporate her "imperfect self-defense" theory into the law of this case. See Def. Proposed Instruction No. 24. That theory, however, has not been adopted in this Circuit or in other federal jurisdictions, and the cases cited by defendant do not counsel otherwise. In the sole Eighth Circuit case cited, the court was not interpreting federal law, but instead was reviewing the actions of a state court defense counsel in connection with a state homicide prosecution. See Reinhardt v. Brewer, 561 F.2d 126, 132 (8th Cir. 1977) (suggesting in review of habeas petition that state court defense counsel in homicide trial in Iowa state court should have considered "imperfect self-defense"). The two remaining, non-binding cases cited originated in the Ninth Circuit, and note in referencing "imperfect self-defense" that the defense had not been applied in that jurisdiction. See United States v. Brown, 873 F.2d 1265, 1269 & n.4 (9th Cir. 1989) (referencing "imperfect self-defense" in the context of defendant's claim of accident or mistake); United States v. Skinner, 667 F.2d 1306, 1310 & n.2 (9th Cir. 1982) (referencing "imperfect self-defense" in distinguishing voluntary and involuntary manslaughter and noting that "imperfect self-defense" not applied in that jurisdiction).

case"). Accordingly, the government's "heat of passion" burden is better located within the relevant murder instructions as an additional element. See Eighth Circuit Model Jury Instruction 6.18.1111A at Note 4.

Consistent with the above, the amended instructions submitted by the government include the following modifications:

1. Government's Proposed Instruction No. 26 (Murder First Degree - Premeditated) inserts a new fourth "heat of passion" element.

2. A new Government's Proposed Instruction No. 29 defines "heat of passion" consistent with Eighth Circuit Model Jury Instruction 6.18.1111A-3. Proposed instructions following the new No. 29 have been renumbered.

3. Government's Proposed instruction 32 (Murder Second Degree – formerly No. 31) inserts a new third "heat of passion" element.

Dated: January 30, 2006

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/Clifford B. Wardlaw

BY: CLIFFORD B. WARDLAW
Assistant U.S. Attorney

s/David M. Genrich

DAVID M. GENRICH
Assistant U.S. Attorney

JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard all of the evidence to be received to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the court as to the law that is applicable to this case and which will guide you in your decisions.

All of the instructions of law given to you by the court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court, and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court. You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule

of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the court just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence received in this case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the second superseding indictment and the plea of not guilty by the defendant

In deciding the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instruction of the court. Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court and reach a just verdict, regardless of the consequences.

Devitt and Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 12.01 and § 11.03 (4th ed.)

JURY INSTRUCTION NO. 2

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" - with no evidence against her. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilty beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury must, of course, adopt the conclusion of innocence.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 12.10.

JURY INSTRUCTION NO. 3

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 12.12.

JURY INSTRUCTION NO. 4

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted to or stipulated. If you were instructed during the trial that some evidence was received for a limited purpose, you must follow that instruction.

Certain things are not evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court, must be entirely disregarded. If an objection was overruled, treat the answer like any other. By receiving evidence to which objection was made, the court did not intend to indicate the weight to be given such evidence.

Questions, objections, statements, and arguments of counsel are not evidence in the case. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection or the court's ruling. If a lawyer asks a question which contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact unless it is agreed to by the witness. Only the answers are evidence.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded. You are to

bases your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statement of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence in the case.

Devitt, Blackmar, Wolff and O'Malley, Federal Practice and Instructions, § 12.03, § 12.05 and § 12.08 (4th ed.)

JURY INSTRUCTION NO. 5

There are two types of evidence which are generally presented during trial - direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find her not guilty.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 12.04.

JURY INSTRUCTION NO. 6

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court of counsel.

You are the sole judges of the evidence received in this case.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 12.07.

JURY INSTRUCTION NO. 7

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in you opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two

or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

[The testimony of a defendant should be judged in the same manner as the testimony of any other witness.]

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 15.01.

JURY INSTRUCTION NO. 8

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 15.14.

JURY INSTRUCTION NO. 9

You should judge the testimony of Defendant Carol Louise Gillmore in the same manner as you judge the testimony of any other witness.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 15.12. (4th ed.)

JURY INSTRUCTION NO. 10

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about issues in the case. An exception to this rule exists as to those witnesses who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to relevant and material matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety.

As I have told you several times, you - the jury- are the sole judges of the facts of this case.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 14.01.

JURY INSTRUCTION NO. 11

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 15.06.

JURY INSTRUCTION NO. 12

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.21.

JURY INSTRUCTION NO. 13

Your decision on the facts of the case should not be determined by the number of witnesses testifying for or against either side. The government is not required to prove the essential elements of the offense described in these instructions by any particular number of witnesses. The weight of the evidence is not necessarily determined by the number of witnesses. The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side. The testimony of a single witness may be sufficient to convince you if you believe that the witness has truthfully and accurately related what in fact occurred.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.20. (3d ed.) (modified).

JURY INSTRUCTION NO. 14

In your consideration of this case you are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused be proved guilty beyond reasonable doubt, say so. If not so proved guilty, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Remember also that the question before you can never be: will the Government win or lose the case? The Government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 15.01.

**WE NOW TURN TO THE ALLEGATIONS CONTAINED IN THE INDICTMENT.**

JURY INSTRUCTION NO. 15

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the defendant.

Defendant Carol Louise Gillmore has plead "Not Guilty" to this indictment and, therefore, denies that she is guilty of the charges.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 13.04.

JURY INSTRUCTION NO. 16

You will note the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05.

JURY INSTRUCTION NO. 17

The defendant has pleaded "not guilty" to the charge contained in the indictment. This plea puts in issue each of the essential elements of the offense as described in these instructions, and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt. Unless the government proves beyond reasonable doubt that the defendant has committed every element of the offense with which she is charged, you must find her not guilty.

Devitt and Blackmar, § 13.07 and § 11.15 (3rd ed.)

JURY INSTRUCTION NO. 18

To constitute the crime charged in the indictment there must be the joint operation of two essential elements, an act forbidden by law and an intent to do the act.

Before a defendant may be found guilty of a crime the prosecution must establish beyond a reasonable doubt that under the statute described in these instructions the defendant was forbidden to do the act charged in the indictment, and that he intentionally committed the act.

As stated before, the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Devitt and Blackmar, Federal Jury Practice and Instruction, § 14.01.

JURY INSTRUCTION NO. 19

Felony Murder

Count One of the indictment charges that on or about the 13th day of February, 2002 in the State and District of Minnesota, the Defendant, Carol Louise Gillmore, with malice aforethought, killed George A. Stately, in the commission of robbery, and that this occurred in Indian Country.

Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, § 38B.13. (4th Ed.)

JURY INSTRUCTION NO. 20

Section 1111 of Title 18 of the United States Code provides, in pertinent part, that:

> "Murder is the unlawful killing of a human being with malice aforethought. Every murder . . . committed in the perpetration of, or attempt to perpetrate, any robbery,
> . . . is murder in the first degree . . . Whoever is guilty of murder in the first degree shall be . . ."

guilty of an offense against the United States.

JURY INSTRUCTION NO. 21

In order to sustain its burden of proof for the crime of felony murder as charged in Count One of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

*One:* The Defendant, Carol Louise Gillmore, killed George A. Stately;

*Two:* The Defendant killed George A. Stately with malice aforethought;

*Three*: The killing of George A. Stately was committed in the perpetration of robbery;

*Four:* The Defendant, Carol Louise Gillmore, killed George A. Stately within Indian Country; and

*Five*: Carol Louise Gillmore is an Indian.

Devitt, Blackmar and O'Malley, Fourth Ed. Federal Jury Practice and Instructions, §38B.15.

JURY INSTRUCTION NO. 22

As used in these instructions, a killing is done with "malice aforethought" if it is done deliberately and with the intent to kill another person, or if it results from the perpetration of crime, such as robbery. In order to establish this element, the government must prove that the defendant acted willfully, with a bad or evil purpose to break the law. However, the government need not prove spite, malevolence, hatred or ill will to the victim, George A. Stately.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §41.01, Instruction 41-13

JURY INSTRUCTION NO. 23

Section 2111 of Title 18 of the United States code provides, in part, that:

> "Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value shall..."

be guilty of an offense against the United States.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §22A.02, Instruction 41-13

JURY INSTRUCTION NO. 24

The crime of robbery, as charged in Count 1 of the superseding indictment, has four essential elements, which are:

*One*, the defendant, Carol Louise Gillmore, took property from the person or presence of George A. Stately;

*Two*, such taking was by force and violence;

*Three*, the robbery occurred in Indian Country; and

*Four*, Carol Louise Gilmore is Indian.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.2113A

JURY INSTRUCTION NO. 25

Section 1111 of Title 18 of the United States Code provides, in pertinent part, that:

> "Murder is the unlawfully killing of a human being with malice aforethought. Every murder perpetrated ... [with] premeditat[ion] ... is murder in the first degree"

and an offense against the United States.

JURY INSTRUCTION NO. 26

In order to sustain its burden of proof for the crime of murder in the first degree as charged in Count Two of the indictment, the government must prove the following six (6) essential elements beyond a reasonable doubt

*One*, the Defendant, Carol Louise Gillmore, unlawfully killed George A. Stately;

*Two*, the defendant did so with malice aforethought as defined in instruction 27;

*Three*, the killing was premeditated as defined in instruction 28;

*Four*, the defendant did not act in the heat of passion caused by adequate provocation;

*Five*, the killing occurred in Indian Country; and

*Six*, The Defendant is Indian.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1111A (2003); Mullaney v. Wilbur, 421 U.S. 684, 697, 704, 95 S. Ct. 1881, 1888-89, 1892 (1975).

JURY INSTRUCTION NO. 27

As used in these instructions, "malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed.

In determining whether George A. Stately was unlawfully killed with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1111A-1 (2003)

JURY INSTRUCTION NO. 28

A killing is premeditated when it is intentional and the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the defendant, after forming the intent to kill, to be fully conscious of her intent, and to have thought about the killing.

For there to be premeditation the defendant must think about the taking of a human life before acting. The amount of time required for premeditation cannot be arbitrarily fixed. The time required varies as the minds and temperaments of people differ and according to the surrounding circumstances in which they may be placed. Any interval of time between forming the intent to kill, and acting on that intent, which is long enough for the defendant to be fully conscious and mindful of what she intended and willfully set about to do, is sufficient to justify the finding of premeditation.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1111A-2 (2003)

JURY INSTRUCTION NO. 29

The defendant acted upon heat of passion caused by adequate provocation, if:

One, the defendant was provoked in a way that would cause a reasonable person to lose her self-control;

Two, a reasonable person subject to the same provocation would not have regained self-control in the time between the provocation and the killing; and

Three, the defendant did not regain her self-control in the time between the provocation and the killing.

Heat of passion may result from anger, rage, resentment, terror or fear. The question is whether the defendant, while in such an emotional state, lost self-control and acted on impulse and without reflection.

Provocation, in order to be adequate under the law, must be such as would naturally induce a reasonable person in the passion of the moment to temporarily lose self-control and kill on impulse and without reflection. A blow or other personal violence may constitute adequate provocation, but trivial or slight provocation, entirely disproportionate to the violence of the retaliation, is not adequate provocation.

It must be such provocation as would arouse a reasonable person.

Eighth Circuit Model Jury Instruction 6.18.1111A-3.

JURY INSTRUCTION NO. 30

Second Degree Murder

Count Three of the indictment charges that on or about the 13th day of October, 2002 in the State and District of Minnesota, the Defendant, Carol Louise Gillmore, with malice aforethought, killed George A. Stately, a human being, in Indian Country.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §38B.04, Instruction 41-13

JURY INSTRUCTION NO. 31

Section 1111 of Title 18 of the United States Code provides, that:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree. Any other murder is murder in the second degree.

JURY INSTRUCTION NO. 32

In order to sustain its burden of proof for the crime of murder in the second degree as charged in Count 3 of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One:* The Defendant, Carol Louise Gillmore, killed George A. Stately, a human being;

*Two:* The Defendant, Carol Louise Gillmore, killed George A. Stately with malice aforethought;

*Three*: The Defendant, Carol Louise Gillmore, did not act in the heat of passion caused by adequate provocation.

*Four:* The Defendant, Carol Louise Gillmore, killed George A. Stately in Indian Country; and

*Five*, The Defendant, Carol Louise Gillmore, is Indian.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §38B.04, Instruction 41-13; Mullaney v. Wilbur, 421 U.S. 684, 697-98, 704, 95 S. Ct. 1881, 1888-89, 1892 (1975)

JURY INSTRUCTION NO. 33

As used in these instructions, "malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed.

In determining whether George A. Stately was unlawfully killed with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1111A-1 (2003)

JURY INSTRUCTION NO. 34

Section 1153(a) of Title 18 of the United States Code provides, in pertinent part, that:

> "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder and arson. . .within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

JURY INSTRUCTION NO. 35

Section 1151 of Title 18 of the United States Code provides, in pertinent part, that:

> "Except as otherwise provided. . .the term 'Indian country', as used in this chapter, means. . .all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights- of-way running through the reservation. . .[and] all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state. . ."

JURY INSTRUCTION NO. 36

Section 81 of Title 18 of the United States code provides, in part, that:

> "Whoever, within the special. . .territorial and jurisdiction of the United States, willfully and maliciously sets fire to or burns, or attempts to set fire to or burn any building shall..."

be guilty of an offense against the United States.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §22A.02, Instruction 41-13

JURY INSTRUCTION NO. 37

In order to sustain its burden of proof for the crime of arson within the special territorial jurisdiction of the United States, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One:* The Defendant, Carol Louise Gillmore, set fire to or burned a building;

*Two:* In setting the fire or in burning the building, the Defendant, Carol Louise Gillmore, acted willfully and maliciously

*Three:* That building was within Indian Country; and

*Four*: The Defendant, Carol Louise Gillmore, is Indian.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §22A.03, Instruction 41-13

JURY INSTRUCTION NO. 38

A person acts "willfully", as that term is used in these instructions, when that person acts deliberately, voluntarily, and intentionally.

Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, § 37.14.

JURY INSTRUCTION NO. 39

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received which may aid in you determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, § 17.07.

JURY INSTRUCTION NO. 40

The testimony of a witness may be discredited or impeached by showing that he previously made statements which are inconsistent with his present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.08.

JURY INSTRUCTION NO. 41

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.01.

JURY INSTRUCTION NO. 42

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.02.

JURY INSTRUCTION NO. 43

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

A form of verdict has been prepared for your convenience.

[Form of verdict read.]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.03.

JURY INSTRUCTION NO. 44

It is proper to add the caution that nothing said in these instructions -- nothing in any form of verdict prepared for your convenience -- is to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.10.

JURY INSTRUCTION NO. 45

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to the Court -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached an unanimous verdict.

Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.12.