# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,  Criminal No. 02-85(1) (DWF/RLE)

    Respondent-Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Carol Louise Gillmore,

    Petitioner-Defendant.

This matter is before the Court on Petitioner-Defendant Carol Louise Gillmore's ("Petitioner-Defendant") *pro se* motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 119.) The United States of America ("the Government") opposes Petitioner-Defendant's motion. (Doc. No. 122.) For the reasons set forth, the Court denies the Petitioner-Defendant's motion.

## BACKGROUND

The above-entitled matter came on before the Court as a bench trial, the parties having waived a jury trial. The matter was tried on January 31, February 1, 2, and 6, 2006.

The Superseding Indictment before the Court charged the Petitioner-Defendant in Count 1 with Felony Murder in the First Degree alleging that on or about February 13, 2002, Defendant, with malice aforethought, did unlawfully kill George A. Stately in the perpetration of a robbery, in violation of Title 18, United States Code, Sections 111(a), 1151 and 1153(a). Count 2 alleged Premeditated Murder in the First Degree alleging that

on or about February 13, 2002, Defendant willfully, deliberately, maliciously, and with premeditation and malice aforethought, did kill George A. Stately by repeatedly striking him in the head with a hammer and cutting his throat with a knife, in violation of Title 18, United States Code, Sections 111(a), 1151 and 1153(a).  Count 3 alleged Intentional Second Degree Murder alleging that on or about February 13, 2002, Defendant did, with malice aforethought, kill George A. Stately by repeatedly striking him in the head with a hammer and cutting his throat with a knife, in violation of Title 18, United States Code, Sections 1111(a), 1151 and 1153(a).  Count 4 alleged the offense of Arson, specifically, that on or about February 13, 2002, Defendant did willfully and maliciously set a fire to burn down the home of George A. Stately, in violation of Title 18, United States Code, Sections 81, 1151 and 1153(a).

The parties entered into an agreement that included waiving a jury trial in this matter.  In that signed agreement, the Petitioner-Defendant admitted to the unlawful killing of George Stately.  The Petitioner-Defendant further agreed that she was making no claim of justification, including making no claim of self-defense or intoxication.  The parties agreed that the defense would raise the legal issue of imperfect self-defense.  The parties, however, disagreed about the Petitioner-Defendant's level of culpability.  At trial, the Petitioner-Defendant argued that she was guilty of manslaughter and the Government argued for a murder verdict.

The Court found the Petitioner-Defendant guilty of intentional second-degree murder and arson.  The Court respectfully rejected the Petitioner-Defendant's "imperfect

self-defense" argument finding that "even if the 'imperfect self-defense' was recognized by the Eighth Circuit . . . it is not applicable to the tragic events of February 13, 2002." (Doc. No. 97 at 35.)

On September 29, 2006, this Court sentenced the Petitioner-Defendant to 396 months for the intentional second-degree murder of George A. Stately and 180 months for the offense of arson to be served concurrently. (Doc. No. 103 at 2.)

On October 6, 2006, the Petitioner-Defendant filed a timely appeal for review by the United States Court of Appeals for the Eighth Circuit. *United States v. Gilmore*, 497 F.3d 853 (8th Cir. 2007). On August 15, 2007, the Eighth Circuit affirmed the Court's decision. *Id.* The Petitioner-Defendant then filed a petition for writ of certiorari which was denied on January 7, 2008. *Gilmore v. United States*, 552 U.S. 1119 (2008). The Petitioner-Defendant filed her *pro se* motion to reduce her sentence on September 19, 2016. (Doc. No. 119.) The Petitioner-Defendant is asserting that this Court should reduce her sentence, alleging that she did not have the requisite intent necessary to be convicted of second-degree intentional murder and that her sentence is therefore unreasonably high.

## DISCUSSION

**I.     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of a federal prisoner's claim that his sentence was imposed in violation of the Constitution or laws of the United States. Such

claims, however, may be barred by the statute of limitations set forth in 28 U.S.C. § 2255(f), which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2250(f).  According to the statute, a prisoner seeking relief from a sentence imposed by a federal court must file his petition within one year after the court's judgment of conviction "becomes final."  28 U.S.C. § 2255(f)(1).

In this case, the only applicable event for deciding the deadline, as noted above, is subsection 1, namely, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  The Petitioner-Defendant does not make any arguments relating to unconstitutional governmental impediments or assert any new rights recognized since her case by the United States Supreme Court.  Moreover, the Petitioner-Defendant is not making any claim that there are any new facts or newly discovered information that the Court has or should have had, through due diligence, since hearing the case at trial and making its sentencing decision.  Therefore, as observed by the Government, the triggering event here is "the date on which the judgment becomes final."  Here, the

Petitioner-Defendant's judgment became final on January 7, 2008, when the United States Supreme Court denied review of her petition for writ of certiorari. The one-year limitation to timely file a motion, pursuant to 28 U.S.C. § 2255, therefore, began running on January 7, 2008, and expired on January 7, 2009, as correctly observed by the Government. The Petitioner-Defendant's motion was filed on September 19, 2016, which is more than seven years passed the limitations deadline. For this reason alone, the Petitioner-Defendant's petition must be denied and her motion dismissed.

## II.     Relitigation Rule

The specific request and claim for the Petitioner-Defendant is that her sentence should be reduced because she did not form the necessary intent for second-degree murder and that, as a result, there was a 110 percent increase over the Sentencing Guidelines which is unreasonably high and violates her Eighth Amendment right. (Doc. No. 119 at 1.) However, a federal prisoner cannot attempt to relitigate a claim that has been raised and decided on direct review in a § 2255 proceeding. *See Winthrow v. Williams*, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) (collecting cases); *Thompson v. United States*, 7 F.3d 1377, 1378-79 (8th Cir. 1993) (per curiam). The record before the Court clearly establishes that the Petitioner-Defendant appealed each of these issues to the Eighth Circuit. *United States v. Gillmore*, 497 F.3d 853 (8th Cir. 2007). In affirming this Court's judgment, the Eighth Circuit found "ample evidence in the record [that] supports the court's conclusion" that the Petitioner-Defendant acted intentionally. *Id.* at 861. Furthermore, the Eighth Circuit also found that the upward

variance by this Court to the sentence was not unreasonable given the "brutal nature of the offense and the threat that [the Petitioner-Defendant] posed to herself and the public as a result of her significant history of mental illness and chemical dependency." *Id.* at 859.

Consequently, since these issues were clearly raised on direct appeal and are the same issues put before this Court at this time in the Petitioner-Defendant's § 2255 motion, the Petitioner-Defendant is barred from proceeding in this § 2255 proceeding.

### III. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

### IV. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

6

The Court has considered whether issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

## CONCLUSION

It is important for this Court to note that even if it was resentencing the Petitioner-Defendant today, it would impose the same sentence.  In the Court's view, it was a legal and fair sentence in 2006, and it remains so, as tragic as the entire events of February 13, 2002, were, today.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the entire record in this case, including the trial transcript and the sentencing hearing transcript, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.     Petitioner-Defendant Carol Louise Gillmore's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Her Sentence (Doc. No. [119]) is respectfully **DENIED**.

2.     The Government's Motion to Dismiss (Doc. No. [121]) is **GRANTED**.

3.     No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to the Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  December 27, 2016            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge